UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID A. MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1395-JDT-TAB |
| | ) | |
| MARSH SUPERMARKETS, INC. and | ) | |
| EMPLOYMENT AGREEMENT BY | ) | |
| AND BETWEEN DAVID A. MARSH | ) | |
| AND MARSH SUPERMARKETS, INC. | ) | |
| DATED AUGUST 9, 2002, | ) | |
| | ) | |
| Defendants. | ) | |

*****************************************

| | | |
|---|---|---|
| MARSH SUPERMARKETS, INC., | ) | |
| | ) | |
| Counterclaimaint, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID A. MARSH, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**ORDER ON MOTION FOR PROTECTIVE ORDER**

**I.      Introduction.**

The parties appeared before the Court on March 22, 2007 for a hearing on Defendant

Marsh Supermarkets and non-party Baker and Daniels, LLP's motion for a protective order.

[Docket No. 38.]  Plaintiff David Marsh served Marsh Supermarkets and its outside counsel

Baker and Daniels with a subpoena requesting "all documents constituting, referring or relating

to any communication between Marsh Supermarkets and any lawyer" regarding twelve different

categories.  [Docket No. 38, Ex. A.]  Marsh Supermarkets and Baker and Daniels object to this

request and seek a protective order pursuant to Rule 26(c), arguing that the request is overly broad and violates the attorney-client privilege and work product doctrine.  [Docket No. 39.] Plaintiff contends that the fiduciary exception negates the attorney-client privilege and work product doctrine.  [Docket No. 45.]

The excessive breadth of this discovery request alone justifies a protective order. Additionally, the fiduciary exception does not apply in this situation.  The requested documents are therefore protected from discovery under the attorney-client privilege and work product doctrine.  Accordingly, the motion for a protective order [Docket No. 38] is GRANTED.

## II.    Background.

On February 27, 2006, Marsh Supermarkets terminated Plaintiff without cause.  [Docket No. 39 at p. 2.]  Marsh Supermarkets reserved the right to treat Plaintiff's termination as one "for cause" if such was later determined.  In the summer of 2006, Marsh Supermarkets calculated Plaintiff's severance benefit to be $704,400 per year for three years.  [*Id*.]  Plaintiff disagreed with this calculation and filed suit against Marsh Supermarkets under ERISA, arguing that his severance benefit should be $737,957 per year.  [*Id*.]  On December 14, 2006, Marsh Supermarkets notified Plaintiff that it intended to terminate him for cause.[1]  [Docket No. 45 at p. 2.]

Plaintiff served Marsh Supermarkets and Baker and Daniels with a subpoena on January 10, 2007 requesting "all documents constituting, referring or relating to any communication between Marsh Supermarkets and any lawyer regarding" twelve different subjects described in

---

[1] At the March 22 hearing, defense counsel revealed that on March 21 Marsh Supermarkets officially terminated Plaintiff for cause.

2

the request.  [Docket No. 38, Ex. A.]  The foregoing discovery dispute ensued.

## III.  Discussion.

A court can grant a protective order when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Plaintiff seeks all of Marsh Supermarkets' outside counsel's legal files.  Such an excessively broad request -- seemingly served without regard to the obvious problems inherent in such a sweeping attempt to examine outside counsel's entire legal files -- justifies a protective order pursuant to Rule 26.  The Court is under no obligation to rephrase and narrow such expansive discovery requests to see if a more narrow (and thus perhaps more reasonable) request might be permissible.

Furthermore, a court may quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies . . . ."  Fed. R. Civ. P. 45(c)(3)(A)(iii).  Marsh Supermarkets asserts that the subpoenaed documents are protected from discovery of the basis of attorney-client privilege and the work product doctrine.  Plaintiff argues that the fiduciary exception applies to the matter at hand.  [Docket No. 45.]  Marsh Supermarkets asserts that the fiduciary exception does not apply because Plaintiff's plan is a Top Hat plan, which removes fiduciary duties from Defendant.  [Docket No. 47.]  As defense counsel stated at the hearing, Plaintiff is attempting to "pull a fiduciary rabbit out of a commercial contract hat."  The Court finds Marsh Supermarkets' contentions relating to Top Hat plans dispositive of the issue between the parties.

The fiduciary exception is premised on the existence of a fiduciary duty.  The purpose of the fiduciary exception to the attorney-client privilege is to protect the beneficiary.  A fiduciary's

first responsibility is to its beneficiary. Without the exception, the fiduciary could hide behind the attorney-client privilege and keep the beneficiary in the dark regarding key decisions. ERISA describes the fiduciary duties required under the statute, and it describes the benefit plans that are exempt from these duties. *See* 29 U.S.C. §§ 1101, 1104. Fiduciary duties do not apply to an employee benefit plan that is "unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees . . . ." 29 U.S.C. § 1101(a)(1). Plaintiff's plan falls squarely under this category, commonly referred to as a "Top Hat" plan.

"'Top Hat' plans are 'unique animals under ERISA's provisions.'" *Fields v. Thompson Printing Co.*, 363 F.3d 259, 274 (3rd Cir. 2004) (quoting *Goldstein v. Johnson & Johnson*, 251 F.3d 433, 442 (3rd Cir. 2001)). "'Top Hat' plans are not subject to . . . ERISA's fiduciary requirements." *Id.*; *Craig v. Pillsbury Non-Qualified Pension Plan*, 458 F.3d 748, 752 (8th Cir. 2006) (stating "Top hat plans should be treated as unilateral contracts and reviewed in accordance with ordinary contract principles . . ." (internal citations omitted)).

Marsh Supermarkets does not contest that it is a fiduciary, but it denies that it owes a fiduciary duty to the Plaintiff. [Docket No. 47.] Marsh Supermarkets argues that no fiduciary exception can apply to the company's communications because the company owes no ERISA fiduciary duty to Plaintiff since his plan is a Top Hat plan. [*Id.*] It asserts that because of Plaintiff's executive role in Marsh Supermarkets, "the company was free to deal with David Marsh's contract in its own interests, rather than on his behalf . . ." [*Id.*]

4

Plaintiff argued at the March 21 hearing[2] that the statutory definitions of fiduciary and beneficiary found in ERISA still apply to Marsh Supermarkets and Plaintiff, respectively, and that these definitions impose a fiduciary duty upon Marsh Supermarkets regardless of Part 4 of ERISA, 29 U.S.C. § 1101(a)(1).  Plaintiff directed the Court's attention to two cases where other circuits found that when the fiduciary seeks legal advice about plan administration, the ultimate client is the beneficiary and thus no privilege applies to these communications.  *See In re Long Island Lighting Co.*, 129 F.3d 268, 271-72 (2nd Cir. 1997); *United States v. Evans*, 796 F.2d 264, 265 (9th Cir. 1986).

If Plaintiff's plan was not a Top Hat plan, the Plaintiff's argument would be stronger, particularly regarding decisions and information relating to the compensation calculations reached during the summer of 2006.  However, since Plaintiff's plan was a Top Hat plan, Marsh Supermarkets was under no fiduciary duty to the Plaintiff under ERISA.  The fiduciary exception therefore does not apply.

The Court recognizes that the question of whether the fiduciary exception applies in an ERISA case such as this has not been squarely addressed by the Seventh Circuit.  However, Plaintiff's plan was a Top Hat plan and as such, no fiduciary duties existed.  Thus, the Court finds no utility at this juncture in predicting how the Seventh Circuit might rule on this issue. *See, e.g. Bland v. Fiatallis North America, Inc.*, 401 F.3d 779, 787 (7th Cir. 2005) (stating that "it is questionable whether the fiduciary exception is even applicable, since the plaintiffs voluntarily dismissed their breach of fiduciary claim with prejudice, and thus should perhaps not get the

---

[2] Plaintiff declined the Court's invitation at the hearing to file a brief addressing the Top Hat issues in more detail.  Counsel for both sides presented thorough and helpful arguments at the hearing.

benefit of the exception.").

## IV.    Conclusion.

Plaintiff's discovery request is so broad, and encompasses so many obviously privileged attorney-client communications, that this fact alone precludes discovery of the requested documents.  Furthermore, because Plaintiff's plan was a Top Hat plan, Marsh Supermarkets had no fiduciary duty to him.  As such, the fiduciary exception to the attorney-client privilege and work product doctrine does not apply in this case.  Thus, the Court GRANTS Defendant's motion for a protective order and quashes Plaintiff's subpoena [Docket No. 38].


Dated:  03/29/2007


_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

6

Copies to:

Linda Joy Cooley
KRIEG DEVAULT, LLP
ljc@kdlegal.com

David K. Herzog
BAKER & DANIELS
david.herzog@bakerd.com

Edward E. Hollis
BAKER & DANIELS
eehollis@bakerd.com

Janet Malloy Link
LATHAM & WATKINS LLP
janet.link@lw.com

Joel Steven Neckers
LATHAM & WATKINS LLP
joel.neckers@lw.com

Kevin A. Russell
LATHAM & WATKINS LLP
kevin.russell@lw.com