UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID A. MARSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1395-JDT-TAB |
| ) | |
| MARSH SUPERMARKETS, INC. and ) | |
| EMPLOYMENT AGREEMENT BY AND ) | |
| BETWEEN DAVID A. MARSH AND ) | |
| MARSH SUPERMARKETS, INC. DATED ) | |
| AUGUST 9, 2002, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE ADDITIONAL DEFENSE (Doc. #31)**[1]

Plaintiff, David A. Marsh, a former executive with Defendant Marsh Supermarkets, Inc. ("the Supermarket"), has brought suit claiming that the Supermarket has failed to pay him all of the money he is owed under the severance provisions of his Employment Agreement. One specific provision in the Employment Agreement states that if there is a disagreement between Mr. Marsh and the Supermarket regarding its terms, Mr. Marsh can choose to arbitrate or litigate. The Employment Agreement further states that "[A]ll of the Executive's costs and expenses of litigation or arbitration, including attorney's fees, shall be borne by the Company and paid as incurred, whether or not the Executive prevails in the litigation or arbitration."

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

In his Complaint's Prayer for Relief, Plaintiff has asserted his right to recover his costs and attorneys fees.  In their Answer, Defendants have set forth a number of what they title "Additional Defenses."  One of those defenses is worded as follows: "Plaintiff's purported state law claims, including his claim for attorneys' fees pursuant to the terms of Employment Agreement, are completely preempted by ERISA."  Plaintiff has filed a motion to strike this defense, claiming that it fails on its face as a matter of law.  The court agrees and what follows is the analysis that leads to that conclusion.

In this instance there is no dispute over the intent conveyed by the language in the Employment Agreement.  Stated another way, no one claims an ambiguity here.[2]  Defendants simply claim that what the document intends to do, require payment of attorney fees regardless of court approval, is in direct contradiction to the statutory language in ERISA which gives the court the discretion to award attorney fees if it deems such an award appropriate in connection with a litigated dispute.  See 29 U.S.C. § 1132(g)(1).  Defendants argue that the parties may not, by contract, strip away the statutorily granted discretionary authority of the court to decide if an award of attorneys fees is warranted.  However, the "contract" at issue in this instance is the benefit plan itself.  It is counterintuitive that in its role as the enforcer of ERISA qualified benefit plans, the court would also have authority to choose not to enforce a plan provision that is otherwise legally sound.

---

[2] Defendants do contend that if the court decides that ERISA does not preempt the language of the agreement, "reasonableness" must be read into the document, insofar as the attorney fees must be reasonable.  However, there is no argument that the language used is ambiguous.

There are two reasons of a more specific nature which form the basis for this court's conclusion that the defense should be stricken. First, the literal language of the defense at issue contends that Plaintiff's *"state law"* claims are preempted by ERISA. Yet, in responding to the motion to strike, it is clear that the Defendants recognize that it is the plan document and its enforcement under ERISA which Plaintiff pursues and not some ordinary state law breach of contract claim. The source of the benefit Plaintiff seeks to enforce is the plan document and the source of his enforcement right is ERISA. Defendants have provided the court with no case law precedent for finding that a benefit plan can not provide for the automatic payment of a participant's attorney fees incurred in any dispute over its terms. Nor have the Defendants cited to any authority for the proposition that ERISA's grant of discretionary authority to courts, with respect to a litigant's entitlement to attorneys fees, prohibits a plan or its sponsor from conceding that point up front.

On the other hand, Plaintiff has pointed to Seventh Circuit authority for the proposition that a plan can provide for the payment of a participant's legal fees and thereby take that issue out of the domain of discretion and into one of contract interpretation. *See Bowles v. Quantum Chem. Co.*, 266 F.3d 622 (7th Cir. 2001). This precedent serves as the second reason why the court rejects the notion that its discretion is being improperly stripped through the language of the Employment Agreement and finds that the ERISA preemption defense to automatic entitlement to attorney fees should be stricken.

In *Bowles*, a severance provision in an employee benefit plan covered by ERISA called for the company to pay "*all legal fees* and expenses incurred by an eligible employee as a result of such employee's seeking to obtain or enforce any right or benefit under [the] Plan, unless a court or arbitrator finds such employee's challenge was without merit . . . ." *Id.* at 636 (emphasis in original). Though the defendant company did not choose the same defensive tact in challenging the plan participant's right to attorneys fees as the Supermarket does here, the language of the appellate decision applies equally well to the situation at bar.

> When an ERISA plaintiff seeks an award of attorneys' fees pursuant to ERISA's fee shifting provision, 29 U.S.C. § 1132(g)(1), we review the district court's award for an abuse of discretion. However, it appears that Dr. Bowles' request for attorneys' fees is contractual, not statutory. ... Thus, the plain language of the severance plan entitles him to his attorneys' fees, and the amount of those fees is a matter of contract interpretation, not a matter of discretion.

*Id.*

Affirmative defenses are, generally, not stricken unless they are insufficient on the face of the pleadings. *Heller Fin., Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). It is assumed that the same would be true of an "additional defense," as any intended distinction is lost on the court. Here, the Employment Agreement is an appropriate attachment to the Complaint and a part of the pleadings. On the face of those pleadings, the additional defense at issue is a non-starter. Plaintiff is seeking to enforce a plan provision, not to prevail on a state law theory, and therefore the discretionary authority of the court to award attorney fees never comes into play.

Motions to strike are sometimes valuable because they assist in removing clutter from a case. *Id.* That is the case here and, accordingly, Plaintiff's Motion to Strike "Additional" Defense No. 2 (Document #31) is **GRANTED**.[3]

ALL OF WHICH IS ENTERED this 31st day of May 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Linda Joy Cooley
KRIEG DEVAULT, LLP
ljc@kdlegal.com

David K. Herzog
BAKER & DANIELS
david.herzog@bakerd.com

Edward E. Hollis
BAKER & DANIELS
eehollis@bakerd.com

Janet Malloy Link
LATHAM & WATKINS LLP
janet.link@lw.com

Joel Steven Neckers
LATHAM & WATKINS LLP
joel.neckers@lw.com

Kevin A. Russell
LATHAM & WATKINS LLP
kevin.russell@lw.com

Magistrate Judge Tim A. Baker

---

[3] This ruling does not address the question of whether the Plaintiff's fees are reasonable. Nor does it address whether David Marsh is entitled only to fees incurred in litigation of his severance benefits and not fees incurred in defense against the counterclaim of the Defendants.